FILED

JUN 2 4 2015

Clerk, U.S. District Court
District Of Montana
Missoula

LAURIE WALLACE
BOTHE & LAURIDSEN, P.C.
P.O. Box 2020
Columbia Falls, Montana 59912
(406) 892-2193

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | | |
|---|---|---|
| TROY BAKER, | ) | No. CV-15-74-M-DLC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | COMPLAINT |
| | ) | |
| THE HARTFORD FINANCIAL | ) | |
| SERVICES GROUP, INC., | ) | |
| HARTFORD LIFE INS. CO., | ) | |
| HARTFORD LIFE & ACCIDENT | ) | |
| INS. CO., and GENESCO, INC., | ) | |
| | ) | |
| Defendants. | ) | |

The above-named Plaintiff makes the following representations to this Court for the purpose of obtaining judicial review of a final decision of Defendants adverse to Plaintiff.

COMPLAINT                                                                                                       PAGE 1

## INTRODUCTION

This is a civil action seeking disability benefits which were improperly denied to Plaintiff under a long term disability plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). Plaintiff seeks payment of his disability benefits as required by the insurance contract, along with interest and attorney fees as permitted by 29 U.S.C. §1132(g) and other applicable law.

Plaintiff alleges as follows:

## PARTIES AND JURISDICTION

1. Plaintiff, Troy Baker, is currently a resident of South Carolina, but was a resident of Lake County, Montana, at all times relevant to this dispute.

2. Defendant, Hartford Life & Accident Ins. Co., upon information and belief, is a life and disability insurance company engaged in the business of insurance in Montana and elsewhere. Hartford Life & Accident Ins. Co. maintains its principal place of business in the State of Connecticut. Hartford Life & Accident Ins. Co. is listed in the Summary Plan Description of the insurance policy at issue in this case as the issuer of the group insurance policy which contains coverage for long term disability benefits. Defendant, Hartford Life Ins. Co., upon information and belief, is a life and disability

insurance company engaged in the business of insurance in Montana and elsewhere. Hartford Life Ins. Co. maintains its principal place of business in the State of Connecticut. Hartford Life Ins. Co. is listed in the Summary Plan Description of the insurance policy at issue in this case as the issuer of the group insurance policy which contains coverage for long term disability benefits. Defendant, Genesco, Inc., upon information and belief, maintains its principle place of business in the State of Washington. Defendant, Genesco, Inc., is listed in the Summary Plan Description of the insurance policy at issue in this case as the administrator of the long term disability plan. Defendant, The Hartford Financial Group, Inc., upon information and belief, is a Delaware Corporation of which Hartford Life & Accident Ins. Co. and Hartford Life Ins. Co. are wholly owned subsidiaries.

3. Jurisdiction and venue are proper in this Court pursuant to 29 U.S.C. §1132(e)(3).

## STATEMENT OF FACTS

4. Prior to his disability, Plaintiff was a delivery driver for Genesco, Inc. Through his employment with Genesco, Inc., Plaintiff came to be insured against long term disability ("LTD") through a group LTD plan issued and insured by Defendants. The LTD issued by Defendants was a "fully insured" plan for purposes of ERISA.

5. On or about September 18, 2006, Plaintiff was injured while in the course and scope of his employment with Genesco, Inc. Plaintiff pulled on the rear door of a delivery truck when it recoiled, and injured his right shoulder.

6. This traumatic event precipitated Plaintiff's current disability of long thoracic nerve palsy, scapular dyskinesis with secondary impingement syndrome, and chronic pain disorder. Plaintiff's conditions prevent him from working in any capacity. Plaintiff was found totally disabled by the Social Security Administration pursuant to an Order dated December 14, 2012, wherein it was found that his disability began on September 18, 2006.

7. Plaintiff became eligible for LTD benefits under the plan issued and insured by Defendants after the elimination period had run, which occurred on or about December 19, 2006.

8. On or about June 27, 2011, Defendants notified Plaintiff that he did not meet the definition of disability that became applicable to his claim as of December 19, 2008, and thereby advised Plaintiff that he was no longer eligible for benefits under the policy beyond December 18, 2008. The stated reason for the termination of benefits was that the medical evidence did not support the Plaintiff's allegation that his condition prevented him from performing any occupation for which he was qualified, or may reasonably

become qualified.

9. On or about September 6, 2011, within the time limit prescribed by the LTD plan, Plaintiff timely appealed his denial of benefits.

10. On or about January 26, 2012, Defendants notified Plaintiff that his appeal of the termination of his benefits was being denied and that Defendants were maintaining their determination to terminate his LTD benefits beyond December 18, 2008.

11. The LTD Summary Plan Description explains Plaintiff's right to benefits. The triggering event for LTD benefits is whether the beneficiary meets the definition for "disability" under the plan. The plan defines disability as an employee who is prevented by accidental bodily injury, sickness, mental illness, substance abuse, or pregnancy from performing one or more of the essential duties of his occupation, and as a result the employee's current monthly earnings are no more than 80% of the employee's indexed pre-disability earnings. After 24 months, disability is defined as an employee who is prevented by accidental bodily injury, sickness, mental illness, substance abuse, or pregnancy from performing one or more of the essential duties of any occupation.

12. Defendants' stated basis for the January 26, 2012, denial of benefits is unreasonable and not factually supported.

13. Plaintiff has exhausted his administrative remedies.

## COUNT I - CLAIM FOR BENEFITS

## 29 U.S.C. §1132(A)

Plaintiff re-alleges and incorporates by reference herein each and every allegation set forth above, and in addition thereto, alleges the following:

14. Defendants are contractually obligated to pay Plaintiff his LTD benefits. Despite this obligation, Defendants have failed to pay the benefits from December 19, 2008, to the date of trial, in violation of the terms of the Summary Plan Description.

15. Plaintiff has been damaged by the failure of Defendants to pay benefits under the terms of the plan. Plaintiff is entitled to ongoing LTD benefits.

## CLAIMS FOR RELIEF

WHEREFORE, Plaintiff pays for judgment against Defendants as follows:

1. For benefits due under the plan and improperly withheld due to the incorrect claims determination by Defendants. 29 U.S.C. §1132(a)(1)(B).

2. That this Court award to the Plaintiff reasonable costs and attorney fees as provided by 29 U.S.C. §1132(g) and other applicable law.

3. For prejudgment interest on all sums owed to the Plaintiff on

improperly withheld benefits.

4.    For such other and further relief as the Court deems just and proper, including taxable costs and interest, as provided by law.

DATED this 23 day of June, 2015.

                              ATTORNEYS FOR PLAINTIFF

                              BOTHE & LAURIDSEN, P.C.
                              P.O. Box 2020
                              Columbia Falls, MT  59912
                              Telephone: (406) 892-2193

                              By: *Laurie Wallace* (signature)
                                   LAURIE WALLACE